1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sean T. Prosser, Bar No. 163903
SProsser@perkinscoie.com
Rick C. Liu, Bar No. 272886
RLiu@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Defendants
NETSOL TECHNOLOGIES, INC.,
and NAJEEB GHAURI

FILED
CLERK, U.S. DISTRICT COURT

NOV 30 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

In re NETSOL TECHNOLOGIES,
INC. SECURITIES LITIGATION

Case No. 2:14-CV-5787 PA (SHx)
                                    PJWx

**DISCOVERY MATTER**

**STIPULATION REGARDING
PROTECTIVE ORDER FOR
CONFIDENTIAL AND
PROPRIETARY INFORMATION**

Pursuant to Local Civil Rules 7-1 and 52-4.1, IT IS HEREBY STIPULATED

by and among Lead Plaintiff Rand-Heart of New York, Inc. and Plaintiff Mike

Clementi and Defendants NetSol Technologies, Inc. ("NetSol") and Najeeb Ghauri,

subject to the Court's approval, as follows:

1.     A.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential,

proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may

be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order. The parties acknowledge that this

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1  Order does not confer blanket protections on all disclosures or responses to

2  discovery and that the protection it affords from public disclosure and use extends

3  only to the limited information or items that are entitled to confidential treatment

4  under the applicable legal principles.  The parties further acknowledge, as set forth

5  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

6  file confidential information under seal; Civil Local Rule 79-5 sets forth the

7  procedures that must be followed and the standards that will be applied when a

8  party seeks permission from the court to file material under seal.

9        B.     GOOD CAUSE STATEMENT

10       This action involves a publicly traded company, NetSol, and is likely to

11  involve the production and potential disclosure of confidential software

12  development information, sales information, customer and pricing lists, and other

13  valuable research, development, commercial, financial, technical and/or proprietary

14  information for which special protection from public disclosure and from use for

15  any purpose other than prosecution of this action is warranted.  Such confidential

16  and proprietary materials and information consist of, among other things, software

17  development information, confidential business, financial and sales information,

18  information regarding confidential business practices, or other confidential research,

19  development, or commercial information (including information implicating

20  privacy rights of third parties), information otherwise generally unavailable to the

21  public or which may be privileged or otherwise protected from disclosure under

22  state or federal statutes, court rules, case decisions, or common law.  Accordingly,

23  to expedite the flow of information, to facilitate the prompt resolution of disputes

24  over confidentiality of discovery materials, to adequately protect information the

25  parties are entitled to keep confidential, to ensure that the parties are permitted

26  reasonable necessary uses of such material in preparation for and in the conduct of

27  trial, to address their handling at the end of the litigation, and serve the ends of

28  justice, a protective order for such information is justified in this matter.  It is the

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1    intent of the parties that information will not be designated as confidential for

2    tactical reasons and that nothing be so designated without a good faith belief that it

3    has been maintained in a confidential, non-public manner, and there is good cause

4    why it should not be part of the public record of this case.

5    2.    <u>DEFINITIONS</u>

6        2.1    <u>Action</u>: *Rand-Heart of New York et al. v. Netsol Technologies, Inc. et*

7    *al.*, Case No. 14-CV-5787 PA (SHx), United States District Court, Central District

8    of California.

9        2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the

10    designation of information or items under this Order.

11        2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

12    how it is generated, stored or maintained) or tangible things that qualify for

13    protection under Federal Rule of Civil Procedure 26(c), and as specified above in

14    the Good Cause Statement.

15        2.4    <u>Counsel</u>: The Parties' Outside Counsel of Record and also House

16    Counsel (as well as their respective support staffs).

17        2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

18    items that it produces in disclosures or in responses to discovery as

19    "CONFIDENTIAL."

20        2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless

21    of the medium or manner in which it is generated, stored, or maintained (including,

22    among other things, testimony, transcripts, and tangible things), that are produced

23    or generated in disclosures or responses to discovery in this matter.

24        2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

25    pertinent to the litigation who has been retained by a Party or its counsel to serve as

26    an expert witness or as a consultant in this Action.

27

28

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1   2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action.
2   House Counsel does not include Outside Counsel of Record or any other outside
3   counsel.

4   2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or
5   other legal entity not named as a Party to this action.

6   2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a
7   party to this Action but are retained to represent or advise a party to this Action and
8   have appeared in this Action on behalf of that party or are affiliated with a law firm
9   which has appeared on behalf of that party, and includes support staff.

10   2.11   <u>Party</u>: any party to this Action, including all of its officers, directors,
11   employees, consultants, retained experts, and Outside Counsel of Record (and their
12   support staffs).

13   2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
14   Discovery Material in this Action.

15   2.13   <u>Professional Vendors</u>: persons or entities that provide litigation
16   support services (e.g., photocopying, videotaping, translating, preparing exhibits or
17   demonstrations, and organizing, storing, or retrieving data in any form or medium)
18   and their employees and subcontractors.

19   2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is
20   designated as "CONFIDENTIAL."

21   2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
22   Material from a Producing Party.

23   3.   <u>SCOPE</u>

24   The protections conferred by this Stipulation and Order cover not only
25   Protected Material (as defined above), but also (1) any information copied or
26   extracted from Protected Material; (2) all copies, excerpts, summaries, or
27   compilations of Protected Material; and (3) any testimony, conversations, or
28   presentations by Parties or their Counsel that might reveal Protected Material.

4   STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1  Any use of Protected Material at trial shall be governed by the orders of the

2  trial judge. This Order does not govern the use of Protected Material at trial.

3  4.   DURATION

4  Even after final disposition of this litigation, the confidentiality obligations

5  imposed by this Order shall remain in effect until a Designating Party agrees

6  otherwise in writing or a court order otherwise directs.  Final disposition shall be

7  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

8  with or without prejudice; and (2) final judgment herein after the completion and

9  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

10  including the time limits for filing any motions or applications for extension of time

11  pursuant to applicable law.

12  5.   DESIGNATING PROTECTED MATERIAL

13  5.1   Exercise of Restraint and Care in Designating Material for Protection.

14  Each Party or Non-Party that designates information or items for protection under

15  this Order must take care to limit any such designation to specific material that

16  qualifies under the appropriate standards.  The Designating Party must designate for

17  protection only those parts of material, documents, items, or oral or written

18  communications that qualify so that other portions of the material, documents,

19  items, or communications for which protection is not warranted are not swept

20  unjustifiably within the ambit of this Order.

21  Mass, indiscriminate, or routinized designations are prohibited. Designations

22  that are shown to be clearly unjustified or that have been made for an improper

23  purpose (e.g., to unnecessarily encumber the case development process or to

24  impose unnecessary expenses and burdens on other parties) may expose the

25  Designating Party to sanctions.

26  If it comes to a Designating Party's attention that information or items that it

27  designated for protection do not qualify for protection, that Designating Party must

28  promptly notify all other Parties that it is withdrawing the inapplicable designation.

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1          (c)     for information produced in some form other than documentary

2    and for any other tangible items, that the Producing Party affix in a prominent place

3    on the exterior of the container or containers in which the information is stored the

4    legend "CONFIDENTIAL." If only a portion or portions of the information

5    warrants protection, the Producing Party, to the extent practicable, shall identify the

6    protected portion(s).

7         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

8    failure to designate qualified information or items does not, standing alone, waive

9    the Designating Party's right to secure protection under this Order for such

10   material. Upon timely correction of a designation, the Receiving Party must make

11   reasonable efforts to assure that the material is treated in accordance with the

12   provisions of this Order.

13   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

15   designation of confidentiality at any time that is consistent with the Court's

16   Scheduling Order.

17        6.2    Meet and Confer. The Challenging Party shall initiate the dispute

18   resolution process under Local Rule 37.1 et seq.

19        6.3    The burden of persuasion in any such challenge proceeding shall be on

20   the Designating Party. Frivolous challenges, and those made for an improper

21   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

22   parties) may expose the Challenging Party to sanctions. Unless the Designating

23   Party has waived or withdrawn the confidentiality designation, all parties shall

24   continue to afford the material in question the level of protection to which it is

25   entitled under the Producing Party's designation until the Court rules on the

26   challenge.

27

28

    STIP. RE PROTECTIVE ORDER FOR
    CONFIDENTIAL AND PROPRIETARY INFO

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

        7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

                (a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

                (b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

                (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

                (d)     the court and its personnel;

                (e)     court reporters and their staff;

                (f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

2  A);

3      (g)    the author or recipient of a document containing the information

4  or a custodian or other person who otherwise possessed or knew the information;

5      (h)    during their depositions, witnesses, and attorneys for witnesses,

6  in the Action to whom disclosure is reasonably necessary provided: (1) the

7  deposing party requests that the witness sign the form attached as Exhibit A hereto;

8  and (2) they will not be permitted to keep any confidential information unless they

9  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

10  otherwise agreed by the Designating Party or ordered by the court. Pages of

11  transcribed deposition testimony or exhibits to depositions that reveal Protected

12  Material may be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order; and

14      (i)    any mediator or settlement officer, and their supporting

15  personnel, mutually agreed upon by any of the parties engaged in settlement

16  discussions.

17  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18  IN OTHER LITIGATION

19      If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this Action as

21  "CONFIDENTIAL," that Party must:

22      (a)    promptly notify in writing the Designating Party. Such

23  notification shall include a copy of the subpoena or court order;

24      (b)    promptly notify in writing the party who caused the subpoena or

25  order to issue in the other litigation that some or all of the material covered by the

26  subpoena or order is subject to this Protective Order. Such notification shall include

27  a copy of this Stipulated Protective Order; and

28

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1      (c)     cooperate with respect to all reasonable procedures sought to be

2 pursued by the Designating Party whose Protected Material may be affected.

3      If the Designating Party timely seeks a protective order, the Party served with

4 the subpoena or court order shall not produce any information designated in this

5 action as "CONFIDENTIAL" before a determination by the court from which the

6 subpoena or order issued, unless the Party has obtained the Designating Party's

7 permission.  The Designating Party shall bear the burden and expense of seeking

8 protection in that court of its confidential material and nothing in these provisions

9 should be construed as authorizing or encouraging a Receiving Party in this Action

10 to disobey a lawful directive from another court.

11 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

12 PRODUCED IN THIS LITIGATION

13      (a)    The terms of this Order are applicable to information produced

14 by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such

15 information produced by Non-Parties in connection with this litigation is protected

16 by the remedies and relief provided by this Order.  Nothing in these provisions

17 should be construed as prohibiting a Non-Party from seeking additional protections.

18      (b)    In the event that a Party is required, by a valid discovery

19 request, to produce a Non-Party's confidential information in its possession, and the

20 Party is subject to an agreement with the Non-Party not to produce the Non-Party's

21 confidential information, then the Party shall:

22      (1)    promptly notify in writing the Requesting Party and the

23 Non-Party that some or all of the information requested is subject to a

24 confidentiality agreement with a Non-Party;

25      (2)    promptly provide the Non-Party with a copy of the

26 Stipulated Protective Order in this Action, the relevant discovery request(s), and a

27 reasonably specific description of the information requested; and

28

10   STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1            (3)    make the information requested available for inspection

2 by the Non-Party, if requested.

3            (c)    If the Non-Party fails to seek a protective order from this court

4 within 14 days of receiving the notice and accompanying information, the

5 Receiving Party may produce the Non-Party's confidential information responsive

6 to the discovery request. If the Non-Party timely seeks a protective order, the

7 Receiving Party shall not produce any information in its possession or control that

8 is subject to the confidentiality agreement with the Non-Party before a

9 determination by the court. Absent a court order to the contrary, the Non-Party shall

10 bear the burden and expense of seeking protection in this court of its Protected

11 Material.

12 **10.**    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14 Protected Material to any person or in any circumstance not authorized under this

15 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16 writing the Designating Party of the unauthorized disclosures, (b) use its best

17 efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

18 person or persons to whom unauthorized disclosures were made of all the terms of

19 this Order, and (d) request such person or persons to execute the "Acknowledgment

20 and Agreement to Be Bound" that is attached hereto as Exhibit A.

21 **11.**    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

22 <u>PROTECTED MATERIAL</u>

23       When a Producing Party gives notice to Receiving Parties that certain

24 inadvertently produced material is subject to a claim of privilege or other

25 protection, the obligations of the Receiving Parties are those set forth in Federal

26 Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

27 whatever procedure may be established in an e-discovery order that provides for

28 production without prior privilege review. Pursuant to Federal Rule of Evidence

1   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

2   of a communication or information covered by the attorney-client privilege or work

3   product protection, the parties may incorporate their agreement in the stipulated

4   protective order submitted to the court.

5   12.   MISCELLANEOUS

6         12.1   Right to Further Relief. Nothing in this Order abridges the right of any

7   person to seek its modification by the Court in the future.

8         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

9   Protective Order no Party waives any right it otherwise would have to object to

10  disclosing or producing any information or item on any ground not addressed in

11  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

12  any ground to use in evidence of any of the material covered by this Protective

13  Order.

14        12.3   Filing Protected Material.  A Party that seeks to file under seal any

15  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

16  may only be filed under seal pursuant to a court order authorizing the sealing of the

17  specific Protected Material at issue.  If a Party's request to file Protected Material

18  under seal is denied by the court, then the Receiving Party may file the information

19  in the public record unless otherwise instructed by the court.

20  13.   FINAL DISPOSITION

21        After the final disposition of this Action, as defined in paragraph 4, within 60

22  days of a written request by the Designating Party, each Receiving Party must

23  return all Protected Material to the Producing Party or destroy such material. As

24  used in this subdivision, "all Protected Material" includes all copies, abstracts,

25  compilations, summaries, and any other format reproducing or capturing any of the

26  Protected Material.  Whether the Protected Material is returned or destroyed, the

27  Receiving Party must submit a written certification to the Producing Party (and, if

28  not the same person or entity, to the Designating Party) by the 60 day deadline that

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1  (1) identifies (by category, where appropriate) all the Protected Material that was

2  returned or destroyed and (2) affirms that the Receiving Party has not retained any

3  copies, abstracts, compilations, summaries or any other format reproducing or

4  capturing any of the Protected Material. Notwithstanding this provision, Counsel

5  are entitled to retain an archival copy of all pleadings, motion papers, trial,

6  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

7  and trial exhibits, expert reports, attorney work product, and consultant and expert

8  work product, even if such materials contain Protected Material. Any such archival

9  copies that contain or constitute Protected Material remain subject to this Protective

10  Order as set forth in Section 4 (DURATION).

11  14.    Any violation of this Order may be punished by any and all appropriate

12  measures including, without limitation, contempt proceedings and/or monetary

13  sanctions.

14          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15  Dated: November 24, 2015        **PERKINS COIE LLP**

16

17                                  By: /s/ Sean T. Prosser
                                        Sean T. Prosser
18                                      11988 El Camino Real, Suite 350
                                        San Diego, CA 92130
19                                      Telephone: 858.720.5700
20                                      Facsimile: 858.720.5799
                                        Email: sprosser@perkinscoie.com
21
22                                      *Attorneys for Defendants*
                                        *NetSol Technologies, Inc., and*
23                                      *Najeeb Ghauri*

24

25

26

27

28

13             STIP. RE PROTECTIVE ORDER FOR
               CONFIDENTIAL AND PROPRIETARY INFO

Dated: November 24, 2015

**GAINEY MCKENNA & EGLESTON**

By: /s/ Thomas J. McKenna
Thomas J. McKenna (admitted *Pro Hac Vice*)
tjmckenna@gme-law.com
440 Park Avenue South, 5th Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383

*Lead Counsel for Lead Plaintiff Rand-Heart of New York, Inc., Plaintiff Mike Clementi, and the Putative Class*

Patrice L. Bishop (182256)
**STULL, STULL & BRODY**
9430 West Olympic Boulevard, Suite 400
Beverly Hills, CA 90212
Tel: (310) 209-2468
Fax: (310) 209-2087
service@ssbla.com

*Liaison Counsel for Lead Plaintiff Rand-Heart of New York, Inc., Plaintiff Mike Clementi, and the Putative Class*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:
11/30/15

Hon. ~~Stephen J. Hillman~~   **PATRICK J. WALSH**
United States Magistrate Judge

STIP. RE PROTECTIVE ORDER FOR
CONFIDENTIAL AND PROPRIETARY INFO

1

2          ## EXHIBIT A

3     ## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4      I, _____ [print or type full name], of

5      _____ [print or type full address], declare under penalty of perjury

6      that I have read in its entirety and understand the Stipulated Protective Order that

7      was issued by the United States District Court for the Central District of California

8      on _____ in the case of *Rand-Heart of New York et al. v. Netsol*

9      *Technologies, Inc. et al.*, Case No. 14-CV-5787 PA (SHx). I agree to comply with

10     and to be bound by all the terms of this Stipulated Protective Order and I

11     understand and acknowledge that failure to so comply could expose me to sanctions

12     and punishment in the nature of contempt. I solemnly promise that I will not

13     disclose in any manner any information or item that is subject to this Stipulated

14     Protective Order to any person or entity except in strict compliance with the

15     provisions of this Order.

16     I further agree to submit to the jurisdiction of the United States District Court for

17     the Central District of California for the purpose of enforcing the terms of this

18     Stipulated Protective Order, even if such enforcement proceedings occur after

19     termination of this action. I hereby appoint _____ [print

20     or type full name] of _____ [print or type

21     full address and telephone number] as my California agent for service of process in

22     connection with this action or any proceedings related to enforcement of this

23     Stipulated Protective Order.

24     Date: _____

25     City and State where sworn and signed: _____

26

27     Printed name: _____

28     Signature: _____

15

128745022.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 24, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Any other counsel of record will be served by electronic mail.

/s/ Sean T. Prosser
Sean T. Prosser
sprosser@perkinscoie.com