1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   IN RE: NETSOL TECHNOLOGIES,          No.  CV 14-5787 PA (SHx)
     INC. SECURITIES LITIGATION
12                                         ORDER PRELIMINARILY APPROVING
                                           SETTLEMENT AND PROVIDING FOR
13                                         NOTICE

14

15

16

17

18

19
             WHEREAS, (i) Plaintiff Mike Clementi ("Plaintiff") on his own behalf
20
     and on behalf of the Settlement Class, and (ii) NetSol Technologies, Inc.
21
     ("NetSol" or the "Company") and Najeeb Ghauri (collectively, "Defendants"),
22
     have entered, by and through their respective counsel, into a settlement of the
23
     claims asserted in the Litigation, the terms of which are set forth in a Stipulation
24
     of Settlement, dated February 25, 2016 (the "Stipulation"), which is subject to
25
     review under Rule 23 of the Federal Rules of Civil Procedure and which,
26
     together with the exhibits thereto, sets forth the terms and conditions for the
27

28

proposed settlement of the claims alleged in the First Amended Consolidated

Complaint (the "Complaint") filed in the Litigation; and the Court having read

and considered the Stipulation, the proposed "Notice of Pendency and Proposed

Settlement of Class Action" ("Notice"), the proposed "Summary Notice of

Pendency and Proposed Class Action Settlement" ("Summary Notice"), the

proposed Plan of Allocation of the Net Settlement Fund among the Settlement

Class, the proposed form of the Proof of Claim and Release ("Proof of Claim"),

the proposed form of Order and Final Judgment, and submissions made relating

thereto, and finding that substantial and sufficient grounds exist for entering this

Order;

        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

        1.     Capitalized terms used herein have the meanings defined in the

Stipulation.

        2.     Pursuant to this Court's Order, this Litigation is certified as a class

action for settlement purposes only on behalf of all Persons (including, without

limitation, their beneficiaries) who purchased the common stock of NetSol

between October 24, 2013 and November 8, 2013, inclusive. Excluded from the

Settlement Class are (i) persons who suffered no compensable losses, *e.g.,* those

who bought NetSol common stock during the Class Period but sold prior to any

alleged corrective disclosure; (ii) Opt-Outs (*i.e.*, those persons who file valid

and timely requests for exclusion in accordance with this Order); and (iii)

Defendants and any entity in which the Defendants have a controlling interest,

and the officers, directors, affiliates, legal representatives, immediate family

members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.

3.     A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on June 27, 2016 at 1:30 p.m. for the following purposes:

    a.    to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    b.    to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c.    to finally determine whether the Final Judgment and Order as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

    d.    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e.    to consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and a case contribution award to Plaintiff;

f.   to consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Class Members (or by counsel on their behalf); and

g.   to rule upon such other matters as the Court may deem appropriate.

4.   The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Final Judgment and Order approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or a case contribution award.

5.   The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair the Settlement Class members' rights in a manner inconsistent with Rule 23 and due process of law.

6.   Subject to the qualifications noted in the Court's Minute Order dated March 28, 2016, the Court approves the form, substance and requirements of (a) the Notice; (b) the Summary Notice; and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

7.   Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the

Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.      Strategic Claims Services is approved as the Claims Administrator for the Settlement.

9.      Lead Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of the entry of this Order, to all Settlement Class members who can be identified with reasonable effort by the Claims Administrator.

10.      Lead Counsel is authorized to disburse up to $75,000 (Seventy Five Thousand Dollars) for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses.

11.      NetSol and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of NetSol common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

12.      Lead Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased NetSol common stock during the

Class Period.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

13.     Lead Counsel shall, at or before the Final Settlement Hearing, serve upon NetSol's Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to the Settlement Class and to nominees.

14.     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *Globe Newswire* and in a print publication reasonably calculated to reach the Settlement Class within thirty-five (35) calendar days after the entry of this Order.  Lead Counsel shall, at or before the Final Settlement Hearing, serve upon NetSol's Counsel and file with the Court proof of publication of the Summary Notice.

15.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class member shall take the following action and be subject to the following conditions:

a.     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office

Box indicated in the Notice, postmarked no later than June

13, 2016.  Such deadline may be further extended by Order

of the Court.  Each Proof of Claim shall be deemed to have

been submitted when legibly postmarked (if properly

addressed and mailed by first-class mail) provided such

Proof of Claim is actually received before the filing of a

motion for an Order of the Court approving distribution of

the Net Settlement Fund.  Any Proof of Claim submitted in

any other manner shall be deemed to have been submitted

when it was actually received by the Administrator at the

address designated in the Notice.

b.     The Proof of Claim submitted by each Settlement Class

member must satisfy the following conditions: (i) it must be

properly filled out, signed and submitted in a timely manner

in accordance with the provisions of the preceding

subparagraph; (ii) it must be accompanied by adequate

supporting documentation for the transactions reported

therein, in the form of broker confirmation slips, broker

account statements, an authorized statement from the broker

containing the transactional information found in a broker

confirmation slip, or such other documentation as is deemed

adequate by the Claims Administrator or Lead Counsel; (iii)

if the person executing the Proof of Claim is acting in a

representative capacity, a certification of his current

authority to act on behalf of the Settlement Class member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.   Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.   For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

16.   All Settlement Class members who do not submit valid and timely Proof of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment and Order, if entered.

17.     Settlement Class members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Settlement Class member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than June 13, 2016, to the addresses listed in the Notice.  Such request for exclusion shall clearly indicate the name and address, phone number, and email address (if any) of the person seeking exclusion, state that the sender requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion are also required to specify all their purchases and sales of NetSol common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Lead Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

18.     Settlement Class members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

19.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and case contribution award only if such comments or objections and any supporting papers are filed no later than June 6, 2016.  Such comments

and/or objections are to be served upon each of the following no later than June 6, 2016:

**LEAD COUNSEL**:

Thomas J. McKenna

GAINEY McKENNA & EGLESTON

440 Park Avenue South, 5th Floor

New York, New York 10016

Tel: (212) 983-1300

Fax: (212) 983-0383

Email: tjmckenna@gme-law.com

**COUNSEL FOR DEFENDANTS**:

Sean T. Prosser

PERKINS COIE LLP

11988 El Camino Real, Suite 350

San Diego, CA 92130

Tel: (858) 720-5700

Fax: (858) 720-5799

Email: sprosser@perkinscoie.com

20.     Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses or case contribution award are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline) that they intend to appear at the Final Settlement Hearing and identify any witnesses they

may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.  Settlement Class members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval. Any Settlement Class member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment and Order to be entered approving the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and a case contribution award.

21.     The Court reserves the right to adjourn the Final Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

22.     All papers in support of the Settlement, the Plan of Allocation and any application for attorneys' fees or expenses or a case contribution award shall be filed and served no later than May 23, 2016.

23.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for attorneys' fees or expenses or a case contribution award shall be filed no later than June 13, 2016.

24.     Neither Defendants nor their related parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiff's counsel.

25.     Neither the Stipulation, nor any of its terms or provisions, nor the

negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any allegations in the Complaint, or of any liability, fault, or wrongdoing of any kind.

26. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

Dated: March 28, 2016

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE