JS-6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11  IN RE: NETSOL TECHNOLOGIES,              CV 14-5787 PA (PJWx)
    INC. SECURITIES LITIGATION
12                                           JUDGMENT

13

14

15

16

17

18

19          Pursuant to the Stipulation of Settlement (the "Stipulation") between plaintiff Mike

20  Clementi ("Plaintiff") and defendants NetSol Technologies, Inc. ("NetSol") and Najeeb

21  Ghauri ("Ghauri") (collectively "Defendants"), the Court's March 28, 2016 Minute Order

22  granting the Motion for Preliminary Approval of Class Action Settlement, and the Court's

23  July 1, 2016 Minute Order granting the Motion for Final Approval of Class Action

24  Settlement and Plan of Allocation and Motion for an Award of Attorneys' Fees and Case

25  Expenses, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26          1.      This Judgment incorporates by reference the Stipulation, and all capitalized

27  terms used, and not defined herein, have the same meanings as set forth and defined in the

28  Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiff, all Settlement Class Members, and Defendants.

3. For purposes of this Settlement, this is a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased the common stock of NetSol between October 24, 2013, and November 8, 2013, inclusive. Excluded from the Settlement Class are (I) persons who suffered no compensable losses, *e.g.,* those who bought NetSol common stock during the Class Period but sold prior to any alleged corrective disclosure; (ii) Opt-Outs (*i.e.,* those persons who file valid and timely request for exclusion in accordance with this Order); and (iii) Defendants and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, immediate family members, heirs, successors, subsidiaries and/or assigns of any such individual or entity in their capacity as such.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Final Judgment.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Plaintiff and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Litigation and the First Amended Consolidated Complaint ("Complaint") are hereby dismissed with prejudice and without costs except as provided herein.

6. The Releasing Parties hereby release and forever discharge the Released Parties from any and all Released Claims.  The Releasing Parties, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Parties.

8. Each of the Defendants, including any and all of their respective successors in interest or assigns, hereby release and forever discharge any and all Defendants' claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Litigation against the Plaintiff, any of the Settlement Class Members and any of their counsel, including Plaintiff's Counsel.

7. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

10. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claims, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Plaintiff or the Settlement Class, are hereby permanently barred and discharged.  Any such claims brought by Defendants against any Person or entity (other than Persons or entities whose liability to Plaintiff or the Settlement Class is extinguished by this Judgment) are likewise permanently barred and discharged.  Further, nothing in the Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Final Judgment and Order, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against Defendants or against Plaintiff or the Settlement Class as evidence of wrongdoing by anyone;

(b) construed against Defendants or against Plaintiff or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or

(d) presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages potentially recoverable under the Complaint would not have exceeded the Settlement Fund; or

(e) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

13. Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

14. Without further order of the Court, Defendants and Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The Court directs the Claims Administrator to pay to Class Counsel the amount of $212,500 for attorneys' fees and the amount of $63,690 for litigation expenses.

1        17.     The Court directs the Claims Administrator to pay the Class Representative a

2   case contribution award of $750.00.

3   DATED:  July 2, 2016

4                                                             _____

5                                                                         Percy Anderson
                                                            UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28